IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHELSEA ZAHN, | ) | |
| | ) | Civil Action No. 2:26-cv-63 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| PITTSBURGH STEELERS, LLC, | ) | |
| | ) | Electronically Filed |
| Defendant. | ) | |

## COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, CHELSEA ZAHN, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, ELIZABETH A. TUTTLE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and AMANDA N. SHIELDS, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

### JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended) and the Equal Pay Act ("EPA"), 29 U.S.C. §206.  Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.  Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

3.    This Honorable Court is also empowered to exercise pendant jurisdiction over the claims set forth in Count V pursuant to the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et *seq.* 955.

4.    Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

5.    Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

      a.    Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about June 3, 2025, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

      b.    The EEOC issued a Notice of the Right to Sue dated November 18, 2025; and

      c.    Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

<u>PARTIES</u>

6.    Plaintiff, Chelsea Zahn, is an adult individual who resides in Allegheny County, Pennsylvania.

7.    Defendant, The Pittsburgh Steelers, LLC, is a limited liability corporation with offices located at 3400 South Water Street, Pittsburgh, Pennsylvania 15203.

8.    At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

9.      Plaintiff was employed by Defendant from in or about July, 2013, until her resignation on or about September 13, 2024.  At the time of her resignation, Plaintiff held the position of corporate sales manager.

10.     During Plaintiff's employment with Defendant, she experienced multiple incidents of discrimination and a hostile work environment based on her sex, female.

11.     Plaintiff believes, and therefore avers, that the incidents that she experienced were part of a plan, pattern, or practice of discrimination against female employees, as Defendant routinely treated male employees more favorably than female employees.

12.     By way of example, and not limitation, Defendant paid male employees more money than female employees, including the Plaintiff, for the same or substantially similar work.

13.     Plaintiff's employment with Defendant began in or about July, 2013, when she was hired as a part-time marketing intern and sponsorship assistant.

14.     In or about August, 2014, Plaintiff was promoted to a full-time position as a partnership activation specialist.

15.     In or about May, 2017, Plaintiff was promoted to partnership activation manager and was responsible for sales-related tasks.

16.     In or about March, 2022, Plaintiff was promoted to corporate sales manager.

17.     Prior to Plaintiff's promotion to corporate sales manager, she was denied promotions on two (2) separate occasions.

18.     The reasons provided by the Defendant for denying Plaintiff's promotions was that she was "too young" and that she did not possess enough sales experience.

19.    The reasons provided by Defendant for denying Plaintiff promotions were pretextual and unworthy of belief, as other less qualified, less experienced male employees were promoted and/or hired into the corporate sales manager role, at or about the same time that the Plaintiff was denied the aforementioned promotions.

20.    When the Plaintiff was promoted to corporate sales manager, in or about March, 2022, Defendant initially offered Plaintiff a salary less than the starting salary that Defendant offered its male corporate sales managers.

21.    As a result, Plaintiff was forced to negotiate a lower commission structure than what Defendant provided its male corporate sales managers in order to receive a salary that was equal to her male co-workers.

22.    During the aforementioned negotiations, Plaintiff complained to Defendant that she was being treated less favorably than male employees by Defendant and was being offered less money to perform the same role as her male co-workers.

23.    At that time, Defendant provided no explanation for this difference in treatment and pay.

24.    Plaintiff believes that Defendant discriminated against her by not providing her equal pay because of her sex, female.

25.    Plaintiff further believes that the Defendant's conduct in this regard is part of a plan, pattern or practice of discrimination against female employees.

26.    After becoming a corporate sales manager, Plaintiff's co-workers learned or became aware of her sexual orientation, homosexual.

27.    After becoming a corporate sales manager, Plaintiff was also routinely treated less favorably than the Defendant's male, heterosexual corporate sales managers.

28.    Plaintiff believes, and therefore avers, that this treatment, as described more fully hereinafter below, was motivated by Plaintiff's failure to conform to the gender stereotypes of a heterosexual woman.

29.    By way of example, and not limitation, on multiple occasions, Plaintiff was directed by her superiors to cancel personal plans in order to attend events that she was originally not scheduled to attend in order to cover for male, heterosexual co-workers, while male, heterosexual co-workers were not directed to work these events.

30.    Plaintiff was told by her supervisor that the reason that she was directed to attend these events was because she did not have any children.

31.    Plaintiff believes, and therefore avers, that this comment, as describe hereinbefore above, was motivated by the fact that Plaintiff does not conform to the gender stereotypes of a heterosexual woman.

32.    Plaintiff believes, and therefore avers, that Defendant's conduct in this regard is part of a plan, pattern or practice of discrimination against female employees and/or homosexual employees.

33.    Plaintiff further believes that she was discriminated against based on her sex and/or her nonconformity to the gender stereotypes of a heterosexual woman and/or in retaliation for her previous complaints of being treated less favorably than male employees and being paid less than her male co-workers.

34.    On or about September 2, 2024, Plaintiff submitted a letter of resignation to Defendant, after securing over $1.81 million dollars in new sponsorship business for the 2024 sales season, which was the highest amount of new sponsorship business secured by any corporate sales manager for the 2024 sales season.

35.     Plaintiff's final day of employment with Defendant was September 13, 2024.

36.     Prior to her last day, her supervisor, as well as Defendant's human resources department, assured the Plaintiff that she would be paid her bonuses/commissions payment for the sales that she secured for the 2024 sales season.

37.     On or about January 27, 2025, Plaintiff received an email from Defendant's director of human resources informing her that bonuses/commissions would be paid by Defendant sometime in February, 2025.

38.     On February 13, 2025, Plaintiff was informed by her former supervisor that the bonuses/commissions owed to her was $100,625.00, but that Arthur J. Rooney, II ("Rooney"), the Defendant's team president and owner, decided not to pay her the entire bonuses/commissions amount owed.

39.     The reason provided was that Mr. Rooney was "upset that [she] left the company."

40.     The reason provided by Defendant is pretextual and unworthy of belief, as heterosexual male employees of the Defendant were paid their full bonuses/commissions owed to them after they had left their employment with Defendant.

41.     Instead, Plaintiff was provided a check for $50,000.00, which is less than half the amount owed to her.  Plaintiff did not cash that check, as it was not the correct amount owed to her.

42.     At the same time that she was told that she would not be paid her full bonuses/commissions owed to her, Plaintiff was informed that the other corporate sales managers, who are all male and heterosexual, were provided with their full bonuses/commissions owed to them based on their sales for the 2024 sales season.

43.     Plaintiff believes, and therefore avers, that Defendant failed to pay her the full bonuses/commissions owed to her because of her sex, female, and/or the Plaintiff's nonconformity to the gender stereotypes of a heterosexual woman.

44.     Plaintiff also believes, and therefore avers, that she was not paid her full bonuses/commissions in retaliation for her previous complaints of being treated less favorably than male employees and being paid less than her male co-workers for substantially similar work.

45.     Plaintiff further believes, and therefore avers, that Defendant's conduct in this regard is part of a plan, pattern or practice of discrimination against female employees.

46.     To date, Plaintiff has not been paid the $100,625.00 owed to her in bonuses/commissions by Defendant.

47.     As a result of Defendant's actions, Plaintiff has been adversely affected emotionally, financially and professionally.

COUNT I:

PLAINTIFF v. DEFENDANT

EQUAL PAY ACT

48.     Plaintiff incorporates Paragraphs 1 through 47 as though fully set forth at length herein.

49.     As described hereinbefore above, Defendant paid male employees more money than female employees, including the Plaintiff, for the same or substantially similar work.

50.     As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that she was given a lower commission structure than less qualified and/or less experienced male employees on the basis of her sex, female.

51.    As described hereinbefore above, Plaintiff was given lower commission structure than the commission structure that was given to similarly-situated male employees and, as a result, was paid less than similarly-situated male employees for substantially similar work.

52.    As a direct result of the Defendant's discriminatory actions and in violation of the Equal Pay Act, Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

53.    Additionally, Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

54.    The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of Plaintiff.

55.    The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which affects others who are similarly situated to Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the EPA;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that in addition to the damages above, the Court award Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the EPA;

d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT

EQUAL PAY ACT - RETALIATION

56.     Plaintiff incorporates Paragraphs 1 through 55 as though fully set forth at length herein.

57.     As described hereinbefore above, Defendant paid male employees more money than female employees, including the Plaintiff, for the same or substantially similar work.

58.     As described hereinbefore above, Plaintiff was given lower commission structure than the commission structure that was given to similarly-situated male employees and, as a result, was paid less than similarly-situated male employees for substantially similar work.

59.     As described hereinbefore above, that she was treated less favorably by Defendant and that Defendant failed to pay her the full bonuses/commissions owed to her in retaliation for her previous complaints of being treated less favorably than male employees and being paid less than her male co-workers for substantially similar work.

60.     As a direct result of the Defendant's discriminatory actions and in violation of the Equal Pay Act, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

61.    Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct as described above.

62.    The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

63.    The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the EPA;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that in addition to the damages above, the Court award the Plaintiff liquidated damages in an amount equal to the pecuniary losses sustained as a result of the Defendant's willful violation of the EPA;

d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT

<u>TITLE VII - SEXUAL (GENDER) DISCRIMINATION</u>

64.    Plaintiff incorporates by reference Paragraphs 1 through 63 as though fully set forth at length herein.

65.    As more fully described hereinbefore above, Plaintiff was discriminated against based upon her sex, female, in that she was treated in a manner which is different than and disparate to that of similarly situated male employees and/or less qualified and less experienced male employees, as more fully described hereinbefore above.

66.    As more fully described hereinbefore above, Plaintiff was discriminated against based upon her nonconformity to the gender stereotypes of a heterosexual woman in that she was treated in a manner which is different than and disparate to that of similarly situated heterosexual employees conforming to gender stereotypes and/or less qualified and less experienced heterosexual employees.

67.    Furthermore, Plaintiff believes, and therefore avers, that that Defendant failed to pay her the full bonuses/commissions owed to her because of her sex, female, and/or the Plaintiff's nonconformity to the gender stereotypes of a heterosexual woman.

68.    As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

69.    Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of

the Defendant's discriminatory conduct as described above.

70.     The actions of the Defendant, through its employees, were intentional, willful and

deliberate and/or done with reckless disregard for the rights of the Plaintiff.

71.     The actions on part of the Defendant are part of a plan, practice or pattern of

discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be
unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and
1991, as amended;

b.     that the Court award the Plaintiff back pay damages and other benefits lost
due to the Defendant's unlawful conduct plus interest from the date of
discrimination;

c.     that the Court award the Plaintiff compensatory and punitive damages as a
result of the Defendant violation of the Civil Rights Act of 1991;

d.     that the Court order the Defendant to return the Plaintiff to the position she
held before she was discriminated against and/or the position most
appropriate for the Plaintiff under the circumstances, with the accumulated
seniority, fringe benefits, and all other rights, or in the alternative, that the
Court order the Defendant to pay the Plaintiff front pay equivalent to her
lost salary, salary raises, fringe benefits and all other rights to which she
would have been entitled but for the Defendant's discriminatory conduct;

e.     that the Court award the Plaintiff pre-judgment and post judgment interest
from the date of the discrimination;

f.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this
action; and

g.     that the Court grant the Plaintiff such additional relief as may be just and
proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANT

<u>TITLE VII - RETALIATION</u>

72.     Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73.     As more fully described hereinbefore above, Plaintiff believes, and therefore avers, that she was treated less favorably by Defendant, as more fully described hereinbefore above, and that Defendant failed to pay her the full bonuses/commissions owed to her in retaliation for her previous complaints of being treated less favorably than male employees and being paid less than her male co-workers for substantially similar work.

74.     As a direct result of the Defendant's retaliatory actions and violations of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

75.     Additionally, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's retaliatory conduct as described above.

76.     The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

77.     The actions on part of the Defendant are part of a plan, practice or pattern of discrimination and retaliation which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.    that the Court order the Defendant to return the Plaintiff to the position she held before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.    that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. ALL DEFENDANTS

PENNSYLVANIA HUMAN RELATIONS ACT

78.    Plaintiff incorporates Paragraphs 1 through 77 as though fully set forth at length herein.

79.    This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S.

Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should

exercise, pendent jurisdiction over the same because the cause of action complained of in this

14

Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

80.    As more fully described hereinbefore above, the Defendant discriminated against the Plaintiff based on her sex, female, and/or nonconformity to the gender stereotypes of a heterosexual woman and retaliated against for her complaints of being treated less favorably than similarly situated male employees.

81.    By discriminating against the Plaintiff without just cause or legal excuse and solely because of her sex and/or nonconformity to the gender stereotypes of a heterosexual woman, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendant has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

82.    As a direct result of the Defendant's discriminatory actions and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

83.    As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant's discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature.  Plaintiff now suffers these damages and will continue to suffer the same for the indefinite future.

84.    The actions on the part of the Defendant, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.    that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the PHRA

b.    that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.    that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant's actions being unlawful and violative of the PHRA;

d.    that the Court award the Plaintiff pre-judgement and post-judgement interest from the date of the discrimination;

e.    that the Court award the Plaintiff reasonable attorney's fees and costs of this action; and

f.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. DEFENDANT

VIOLATION OF 43 P.S. § 260.1, *et. al.*

PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

85.    Plaintiff incorporates by reference Paragraphs 1 through 84 as though fully set forth at length herein.

86.    As more fully described hereinbefore above, Defendant failed to pay Plaintiff the amount of $100,625.00 that she was due to be paid for her bonuses/commissions.

87.    These earnings, as described hereinbefore above, remain due and payable to the Plaintiff in violation of Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et. al.*

WHEREFORE, the Plaintiff demands that the Defendant issue payment to the Plaintiff in the amount owed, as more fully described hereinbefore above; compensatory general damages against the Defendant in the amount proven at trial; compensatory, special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law; consequential damages; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
jsansone@joelsansonelaw.com
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
Massimo A. Terzigni, Esquire
PA ID No. 317165
Amanda N. Shields
PA ID No. 334025
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: January 13, 2026